UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GREGORY GARCIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RALPH M. DIAZ, et al.,<br><br>　　　　　Defendants. | No. 1:20-cv-0669 DAD JLT (PC)<br><br>**ORDER REQUIRING PLAINTIFF TO SUBMIT A RESPONSE**<br>**(Doc. 10)**<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff has filed a first amended complaint asserting constitutional claims against a governmental employee. (Doc. 10.) Generally, the Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.  Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff brings suit for the denial of his request for a special assignment pursuant to California Code of Regulations, title 15, § 3043.7, which occurred while he was a state inmate housed at California Substance Abuse Treatment Facility and State Prison ("CSATF"). The four named defendants are Ralph M. Diaz, Secretary of the California Department of Corrections and Rehabilitation; CSATF Warden Stu Sherman; Clarence Cryer, CSATF Chief Medical Officer ("CMO"); and Laura Merritt, a nurse practitioner at CSATF. Plaintiff seeks declaratory relief and damages.

The first amended complaint proceeds on eight causes of action: (1) deliberate indifference under the Eighth Amendment, (2) equal protection under the Fourteenth Amendment, (3) "deliberate indifference to prison policy under tort within the laws of the State of California," (4) "equal protection to prison policy under tort within the laws of the State of California," (5) due

process under the Fourteenth Amendment, (6) "due process to prison policy under tort within the laws of the State of California," (7) "liberty interest under the Fourteenth Amendment of the United States Constitution," and (8) "liberty interest to prison policy under tort within the laws of the State of California." Plaintiff's allegations may be fairly summarized as follows:

Plaintiff is legally blind. On January 12, 2019, he submitted a Health Care Services Request Form.[1] Though plaintiff does not specify the nature of his request, the allegations in the remainder of the pleading suggest that he sought to be placed on special assignment pursuant to California Code of Regulations, title 15, § 3043.7. This section authorizes institutional staff to reclassify the work group on a short-term or long-term basis of inmates with disabilities who are unable to participate in work, academic, or career programs. Apparently, plaintiff sought a medically disabled assignment because he is legally blind. This type of special assignment would relieve plaintiff of various work assignments and/or training programs.

Defendant Nurse Merritt was assigned to interview plaintiff and respond to the request on January 28, 2019. At the interview, Nurse Merritt asked, "You can hear me, right?" Plaintiff responded affirmatively. Nurse Merritt then asked, "Well, you can speak and hear so your [*sic*] not totally disable[d]." She then called Defendant CMO Cryer and said over the phone, "I have an inmate who['s] vision impaired that wants me to place him on totally disable assignment but I don't see anything wrong with him." When Nurse Merritt hung up the phone, she turned to plaintiff and said, "I stand to be corrected, per CMO your [*sic*] not disable."

As a result of the defendants' refusal to authorize the medically disabled status, plaintiff claims that he has been denied Milestone Completion Credits, Rehabilitative Achievement Credits, Education Merit Credits, Extraordinary Conduct Credits, and Special Assignment Credits.

Plaintiff accuses Nurse Merritt and CMO Cryer of colluding to deny plaintiff and other similarly situated inmates (i.e., legally blind inmates) from receiving the benefit of § 3043.7. Though not entirely clear, it appears he claims that Warden Sherman and CDCR Secretary Diaz are responsible for ensuring that staff comply with state policies. Plaintiff claims that his equal

---

[1] Plaintiff refers to this and several other documents that are purportedly attached to his pleading. There are, however, no attachments to the pleading.

protection rights, his due process rights, and his right to be free from deliberate indifference under the U.S. and California constitutions were violated by the defendants.

## III. Discussion

### A. Linkage

Under § 1983, the plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Liability may not be imposed on supervisory personnel under the theory of respondeat superior. Iqbal, 556 U.S. at 676-77. Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101 (2012).

Plaintiff's allegations against Warden Sherman and CDCR Secretary Diaz appear to be based solely on their role as supervisory personnel. There is no indication that either personally participated in the alleged deprivation of plaintiff's rights or knew of the violations and failed to act. Accordingly, any claim against these two defendants must be dismissed.

### B. Violation of Prison Regulations

At its crux, plaintiff's first amended complaint takes issue with the defendants' failure to recognize plaintiff's qualification for medically disabled status under § 3043.7. As a general rule, though, the violation of state regulations does not rise to the level of a constitutional violation. See Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989), overruled on other grounds, Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016); Ybarra v. Bastian, 647 F.2d 891, 892 (9th Cir. 1981). Therefore, a state employee's failure to follow state law does not state a claim under Section 1983.

### C. Fourteenth Amendment Equal Protection

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Prisoners are protected from invidious

discrimination based on race. See Wolff, 418 U.S. at 556. Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline. See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam). Prisoners are also protected from intentional discrimination on the basis of their religion. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). Equal protection claims are not necessarily limited to racial and religious discrimination. See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the disabled do not constitute a suspect class); see also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny to equal protection claim based on denial of in-cell meals where no allegation of race-based discrimination was made); Hightower v. Schwarzenegger, 2007 WL 732555 (E.D. Cal. Mar. 19, 2008).

In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

Plaintiff's allegations do not meet the standard to state an equal protection claim. Though plaintiff claims that he and other vision-impaired inmates are treated differently than other inmates, his allegations are too vague and conclusory to proceed against any of the named defendants. Accordingly, this claim must be dismissed.

**D. Fourteenth Amendment Due Process**

Plaintiff's due process claim is apparently predicated on the belief that he has a federally protected interest in being granted a special assignment pursuant to § 3043.7 and that the denial of his request deprived him of due process of law. Of course, inmates "may not be deprived of life, liberty, or property without due process of law." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

However, "there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." Wolff, 418 U.S. at 556. Thus, in the context of prisoners' claims the United States Supreme Court has emphasized that "federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." Sandin v. Conner, 515 U.S. 472, 482 (1995). In fact, "[s]uch flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life," Id. The process due depends upon the interest at stake. See Wolff, 418 U.S. at 557–58. Thus, the first step in assessing a due process claim is to identify the interest at stake. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569 (1972).

The starting point in any due process analysis is whether the plaintiff has a constitutionally cognizable liberty or property interest protected by the Fourteenth Amendment. The Ninth Circuit has not addressed whether a prisoner has a liberty interest in receiving a special work assignment pursuant to § 3043.7. It has, however, determined that "the Due Process Clause of the Fourteenth Amendment 'does not create a property or liberty interest in prison employment[.]" Walker v. Gomez, 370 F.3d 969, 973 (9th Cir. 2004) (quoting Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir.1986) (per curiam); and citing Baumann v. Ariz. Dep't of Corr., 754 F.2d 841, 846 (9th Cir.1985)); see also Rainer v. Chapman, 513 Fed. Appx. 674, 675 (9th Cir. 2013) (holding that the district court properly dismissed the California prisoner-plaintiff's "due process claims based on his removal from his work assignment and transfer from the facility where his job was located because these allegations did not give rise to a constitutionally protected liberty or property interest"); Barno v. Ryan, 399 Fed. Appx. 272, 273 (9th Cir. 2010) (holding that possible loss of a state prison job due to a California state prisoner's classification as a sex offender did not violate the prisoner's Fourteenth Amendment or Eighth Amendment rights); Gray v. Hernandez, 651 F. Supp. 2d 1167, 1177 (S.D. Cal. 2009) (stating that "[w]hile state statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections, the instances in which due process can be invoked are significantly limited," and holding that a California state prisoner had not shown "a right to prison employment" protected under the Due Process Clause);

Hunter v. Heath, 95 F. Supp. 2d 1140, 1147 (D. Or. 2000) ("It is uniformly well established throughout the federal circuit courts that a prisoner's expectation of keeping a specific prison job, or any job, does not implicate a property or liberty interest under the Fourteenth Amendment."), rev'd on other grounds, 26 Fed. Appx. 764, 755 (9th Cir. 2002). In light of the foregoing, plaintiff does not have a protected liberty interest in prison employment or relief therefrom. Accordingly, his due process claim under the Fourteenth Amendment fails.

### E. Eighth Amendment Deliberate Indifference

Plaintiff next asserts a claim for "deliberate indifference" under the Eighth Amendment. Generally, the Eighth Amendment protect inmates from deliberate indifference to their health and safety. See Farmer v. Brennan, 511 U.S. 825, 833 (1994). Plaintiff does not specify how his Eighth Amendment rights were violated by the defendants' alleged denial of a special assignment, and the Court is unaware of any basis for this claim on the facts alleged. Accordingly, this claim must be dismissed as non-cognizable.

### F. State Law Claims

As discussed supra, plaintiff fails to state a cognizable federal claim. His remaining claims are based in state law. Pursuant to Section 1367(a) of Title 28 of the United States Code, in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if...the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that, "if the federal claims are dismissed before trial, ...the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1996).

Due to the Court's determination that plaintiff fails to state a federal claim against any

7

defendant, the Court concludes, in its discretion, that the exercise of jurisdiction over plaintiff's remaining claim for violation of state law should be declined.

### IV.     Conclusion

Plaintiff's complaint fails to state a claim on which relief may be granted. The Court will grant plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss the complaint, plaintiff will have an opportunity to object, and the matter will be decided by a District Judge.

If plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "Second Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a).

Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ." Twombly, 550 U.S. at 555 (citations omitted). Accordingly, the Court **ORDERS** that:

1. Within thirty days from the date of service of this order, plaintiff must file either a second amended complaint curing the deficiencies identified by the Court in this order, a notice of voluntary dismissal, or a notice of election to stand on the complaint; and

2. If plaintiff fails to file a second amended complaint or notice of voluntary dismissal, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: **December 15, 2020**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE