UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GREGORY GARCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RALPH M. DIAZ, *et al*.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00669-DAD-BAK (EPG) (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 19)<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff James Gregory Garcia is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.  Plaintiff has filed a motion for leave to file a third amended complaint ("3AC").  (ECF No. 19.)  Because Plaintiff's lodged 3AC does not comply with Rule 8 of the Federal Rules of Civil Procedure, the document is not appropriate for filing.

　　　　On May 13, 2020, Plaintiff commenced this action by filing a civil rights complaint. (ECF No. 1.)  On June 4, 2020, Plaintiff filed a first amended complaint ("1AC").  (ECF No. 10.) The Court screened the 1AC and determined that it failed to state a claim upon which relief may be granted.  (ECF No. 12.)  The Court granted Plaintiff an opportunity to file a second amended complaint ("2AC").  (*Id.*)  On March 8, 2021, Plaintiff filed a 102-page second amended complaint asserting eight claims and naming five defendants.  (ECF No. 17.)  The Court has not yet screened the 2AC.

Plaintiff filed the instant motion to for leave to file a third amended complaint ("3AC") to add sixteen defendants and multiple exhibits. (ECF No. 19.) Plaintiff attached to the motion a proposed, 186-page 3AC. (*Id.* at 4–190.) As grounds for adding defendants, Plaintiff states that, "[s]ince the filing of the complaint plaintiff learned of additional defendants engaging in a systemic 'policy' discrimination . . . Plaintiff exhausted his administrative remedies against [the additional defendants] . . . Plaintiff submits additional [exhibits] in support of plaintiff's claims against all of the defendant[s]." (*Id.* at 1–2.)

Rule 8 of the Federal Rules of Civil Procedure requires the complaint to be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rule also provides that "[e]ach allegation must be simple, concise, and direct." *Id.* at 8(d)(1). While the federal rules require brevity in pleading, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To ensure compliance with Rule 8, courts of the Eastern District of California generally limit complaints to twenty-five pages. *See Lal v. United States*, No. 2:20-cv-00349-JAM-DB P, 2022 WL 37019, at *2 (E.D. Cal. Jan. 3, 2022); *Williams v. Corcoran State Prison*, No. 1:21-cv-01009-JLT-BAM PC, 2022 WL 1093976, at *1 (E.D. Cal. Apr. 12, 2022).[1] The page limit includes the complaint itself and any exhibits, for a total of twenty-five pages. *See Rivas v. Padilla*, No. 1:21-cv-00212-GSA PC, 2022 WL 675704, at *2 (E.D. Cal. Mar. 7, 2022). Under the Local Rules, if typewritten, the body of the amended complaint must be double-spaced,[2] and if hand-written, it must be legible. *See* L.R. 130(b), (c). Pages must be numbered consecutively at the bottom. L.R. 130(d).

---

[1] This Court's pilot program for the electronic filing of prisoner litigation provides:
> To facilitate compliance with Federal Rule of Civil Procedure 8(a)(2) (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief") and to reduce costs and delays associated with processing complaints, the Court imposes a page-limit on complaints filed by incarcerated Plaintiffs. Complaints shall not exceed twenty-five (25) pages in length. Any exhibits attached to a complaint shall count toward the twenty-five page limit. Plaintiffs are encouraged to use the Court's sample civil rights form.

Standing Order, E.D. Cal. (Mar. 1, 2016).

[2] The double-spacing requirement does not apply to the identification of counsel, title of the action, category headings, footnotes, quotations, and exhibits. L.R. 130(b).

The Court has conducted a preliminary review of the lodged 3AC to determine whether the pleading and exhibits warrant the number of pages submitted. Plaintiff appropriately submits the amended pleading on the civil rights complaint form. Plaintiff fully utilized only the first two pages of the form. (*See* ECF No. 19 at 4, 6.) Plaintiff included eight pages of the form to assert eight claims, but the pages contain no allegations; rather, each page merely references Plaintiff's typed pages attached to the form. (*Id.* at 9–16.) Plaintiff uses blank pages to label the exhibits, which are consecutively lettered A–KK. These blank spaces and pages add to the page total without contributing to the substance of Plaintiff's amended pleading.

The 3AC unnecessarily includes legal arguments, conclusions, and citations. Plaintiff also quotes passages from the exhibits with internal citations to the exhibits. In his statements of claims, Plaintiff names each of the Defendants separately but repeats, verbatim, the same violation as to each Defendant, again with internal citations. (*See id.* at 31–44.) The asserted claims against the defendants are repeated in Plaintiff's request for relief. (*See id.* at 44–45.)

Upon consideration of Plaintiff's additional defendants, factual allegations, claims, and exhibits, the Court finds that the lodged 3AC does not warrant more than twenty-five pages in total. Because Court should freely grant leave to amend under Rule 15, Plaintiff may file a 3AC not to exceed a total twenty-five pages. If typewritten, the body of the 3AC must be double-spaced; if handwritten, the 3AC must be legible and written in reasonably sized handwriting. *See Rivas v. Padilla*, No. 1:21-CV-00212-GSA-PC, 2022 WL 675704, at *2 (E.D. Cal. Mar. 7, 2022). Plaintiff is reminded that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (*en banc*). Thus, an amended complaint must be "complete in itself without reference to the prior or superseded pleading." L.R. 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a third amended complaint, (ECF No. 19), is GRANTED IN PART and DENIED IN PART.

2. Plaintiff SHALL file, **within thirty (30) days** from the date of service of this Order, a third amended complaint that does not exceed a total of **twenty (25) pages**.

3. If Plaintiff fails to file a third amended complaint that complies with this Order, the

Court may recommend that this action be dismissed with prejudice for failure to state a claim and failure to obey a court order.

    4. The Clerk of Court is directed to provide Plaintiff with a Civil Rights Complaint form.

IT IS SO ORDERED.

Dated: **April 26, 2022**      /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE