UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GREGORY GARCIA,<br><br>    Plaintiff,<br><br>  v.<br><br>RALPH M. DIAZ, et al.,<br><br>    Defendants. | Case No.: 1:20-cv-000669-NODJ-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR PLAINTIFF'S FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>(Doc. 34)<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff James Gregory Garcia is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

## I. BACKGROUND

On December 4, 2023, this Court issued its Screening Order Re Plaintiff's Third Amended Complaint. (Doc. 29.) The Court found Plaintiff's third amended complaint failed to state a claim upon which relief could be granted against any of the three dozen defendants named therein. (*Id.* at 9-19.) Plaintiff was granted leave to file a fourth amended complaint, curing the deficiencies identified in the screening order. (*Id.* at 19-20.)

On January 24, 2024, Plaintiff timely filed a fourth amended complaint. (Doc. 34.)

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### III. PLEADING REQUIREMENTS

#### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation

2

marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### C. Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676-77; *see e.g., Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010) (plaintiff required to adduce evidence the named supervisory defendants "themselves acted or failed to act unconstitutionally, not merely that subordinate did"), *overruled on other grounds by Castro v. C'nty of Los Angeles,* 833 F.3d 1060, 1070 (9th Cir. 2016); *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983").

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Accord

*Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011) (supervisory liability may be based on inaction in the training and supervision of subordinates).

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations & quotations marks omitted), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**IV.    DISCUSSION**

**A.  Plaintiff's Fourth Amended Complaint**

Plaintiff's fourth amended complaint is comprised of a form complaint, some pages of which appear to be duplicative,[1] and a separate document titled "Fourth Amended Complaint." (Doc. 34.) It names the following 18 individuals,[2] in their individual and official capacities,[3] as defendants in this action:

---

[1] There are two separate pages titled "Additional Defendant's," appearing at page numbers 2 and 6, in addition to the those listed in section "III. Defendants," appearing in the form portion of the complaint.

[2] The majority of these individuals were or are employed at the Substance Abuse Treatment Facility in Corcoran, California, unless otherwise noted.

[3] *See* Doc. 34 at 9. However, Plaintiff's claims for monetary damages against the named defendants in their official capacities are barred by the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010); *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities").

1        Laura Merritt, Family Nurse Practitioner

2        C Cryer, Chief Executive Officer

3        S. Gates, Chief Health Care Correspondence, Appeals Branch

4        S. Smith, Chief Deputy Warden/ADA Coordinator

5        C. Ramos, Custody Appeals Representative

6        G. Ugwueze, Doctor

7        S. Garza-Toone, Health Care Grievance Coordinator

8        A. Adney, Psychologist

9        M. Loesch, Psychologist

10        Stu Sherman, Warden

11        K. J. Allen, Appeals Examiner, Office of Appeals

12        J. Ourique, ADA Coordinator

13        D. Rhoads, Health Care Grievance Representative

14        B. Hill, Psychologist

15        S. Spencer, Student Services Coordinator

16        H. Moseley, Chief, California Department of Corrections and Rehabilitation, Sacramento

17        S. Marsh, Associate Warden

18        B. Edwards, Chief Executive Officer

(Doc. 34 at 1-2, 5-6.) Plaintiff seeks a jury trial and punitive damages of $2,500,000 "against each defendant." (*Id*. at 8, 17.) Plaintiff asserts two claims: claim one is titled "Deliberate indifference to Plaintiff's Serious Medical Needs" (*id.* at 10) and claim two is titled "Exhaustion of Administrative Remedies" (*id*. at 14).

                 **B. Plaintiff's Factual Allegations**

                 <u>Claim One</u>

Plaintiff states, "Contrary to, Title 42 of the United States Code, Section 12102, a qualified inmate/parolee is one with a permanent physical or mental impairment which substantially limits the inmates/parolees ability to perform a major life activity." (Doc. 34 at 10.) He asserts major life activities include "caring for one's self, performing essential manual tasks,

5

walking, seeing, speaking, breathing, learning, and working." (*Id.*) He contends inmates or parolees who are permanently blind or have a vision impairment not correctable to 20/200 or better, even with corrective lenses, are to be "designated permanent vision impairment." (*Id.*) Plaintiff asserts accommodation "shall be made to afford equal access to the court, legal representation, and to health care services, for inmates/parolees with disabilities, e.g. vision, speech, hearing, and learning disabled." (*Id.*)

Plaintiff contends a physician, David Sincavage with "Palo Varde Hospital" gave a clinical impression indicating "Visual dysfunction post op. Blind Left (L) eye and decreased vision Right (R) eye. Blown Left pupil and small Right pupil" on October 23, 2012. (Doc. 34 at 10.) Plaintiff alleges a CDCR 7230 Interdisciplinary Progress Note of May 10, 2016, by Ophthalmologist Crason, states Plaintiff is "legally blind in both eyes at present." (*Id.*) Plaintiff further asserts that on December 14, 2018, Ophthalmologist Karim Rasheed examined Plaintiff and found his "right eye 20/400 and left eye HM." (*Id.*) Next, Plaintiff asserts that following a May 20, 2021 "Orientation Exam," Ophthalmologist Carole A. Casteen found Plaintiff "qualifies as 'legally blind' in both eyes, and is <u>totally disabled</u> because of this." (*Id.*)[4]

Plaintiff alleges that rather than providing him "access to medical personnel qualified to properly assess and provide appropriate treatment" for his serious medical needs, the named Defendants did the following:

> Defendant Merritt "filed a medical classification chrono … that 'patient (pt) has limitation per visual accommodations with use of tap cane, but is not <u>medically disable</u> per CMO/E" on January 28, 2019.

> Defendant Cryer "determined on his own, that no intervention was required, institutional level response … dated March 27, 2019."

> Defendant Gates "determined on his own, that no intervention was required … dated June 27, 2019."

---

[4] None of the physicians identified in this paragraph are named as defendants in this action.

Defendant Smith "determined on his own, that no intervention was required … dated August 28, 2019."

Defendant Ramos "determined on his own, that no intervention was required … dated August 28, 2019."

Defendant Ugwueze "determined on his own, that no intervention was required … dated August 28, 2019."

Defendant Garza-Toone "determined on his own, that no intervention was required … dated August 28, 2019."

Defendant Adney "determined on his own, that no intervention was required … dated August 28, 2019."

Defendant Loesch "determined on his own, that no intervention was required … dated August 28, 2019."

Defendant Sherman "determined on his own, that Garcia did not qualify for ADA accommodation special assignment … dated November 14, 2019."

Defendant Allen "determined on his own, that no intervention was required … dated January 9, 2020."

Defendant Ourique "determined on his own, that Garcia did not qualify for ADA accommodation special assignment … dated September 23, 2020."

Defendant Ramos "determined on his own, that Garcia did not qualify for ADA accommodation special assignment … dated September 23, 2020."

Defendant Sherman "determined on his own, that Garcia did not qualify for ADA accommodation special assignment … dated November 14, 2019."

Defendant Ugwueze "determined on his own, that Garcia did not qualify for ADA accommodation special assignment … dated September 23, 2020."

Defendant Rhoads "determined on his own, that Garcia did not qualify for ADA accommodation special assignment … dated September 23, 2020."

Defendant Adney "determined on his own, that Garcia did not qualify for ADA accommodation special assignment … dated September 23, 2020."

> Defendant Hill "determined on his own, that Garcia did not qualify for ADA accommodation special assignment … dated September 23, 2020."
>
> Defendant Spencer "determined on his own, that Garcia did not qualify for ADA accommodation special assignment … dated September 23, 2020."
>
> Defendant Smith "determined on his own, that Garcia did not qualify for ADA accommodation special assignment … dated September 23, 2020."
>
> Defendant Moseley "determined on his own, that Garcia did not qualify for ADA accommodation special assignment … dated September 23, 2020."
>
> Defendant Moseley also "determined on his own, that no intervention was required … dated June 3, 2021."
>
> Defendant Gates "determined on his own, that no intervention was required … on August 26, 2021."
>
> Defendant Marsh "determined on his own, disapproved Garcia's request for ADA accommodation … dated July 30, 2021."
>
> Defendant Edwards "determined on his own, that no intervention was required … dated November 12, 2021."
>
> Defendant Gates "determined on his own, that no intervention was required … dated January 24, 2022."

(Doc. 34 at 11-14.)

Claim Two

As factual allegations for claim two, Plaintiff presents a list of health care grievances and grievances he submitted from January 24, 2019 through January 24, 2022. (Doc. 34 at 14-17.)

**C. Plaintiff's Claims**

In his first claim for relief, Plaintiff asserts Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in '"significant injury or the unnecessary and wanton

1   infliction of pain.""'" *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (9th Cir. 2014) (quoting *Jett v.*
2   *Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059
3   (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th
4   Cir. 1997) (en banc)).

5         To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must
6   first "show a serious medical need by demonstrating that failure to treat a prisoner's condition
7   could result in further significant injury or the unnecessary and wanton infliction of pain. Second,
8   the plaintiff must show the defendants' response to the need was deliberately indifferent."
9   *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096
10  (quotation marks omitted)).

11        As to the first prong, indications of a serious medical need "include the existence of an
12  injury that a reasonable doctor or patient would find important and worthy of comment or
13  treatment; the presence of a medical condition that significantly affects an individual's daily
14  activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060,
15  1066 (9th Cir. 2014) (citation & internal quotation marks omitted); accord *Wilhelm*, 680 F.3d at
16  1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) ("Examples of serious medical needs
17  include '[t]he existence of an injury that a reasonable doctor or patient would find important and
18  worthy of comment or treatment; the presence of a medical condition that significantly affects an
19  individual's daily activities; or the existence of chronic and substantial pain").

20        As to the second prong, deliberate indifference is "a state of mind more blameworthy than
21  negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or
22  safety.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley v. Albers*, 475 U.S. 312,
23  319 (1986)). Deliberate indifference is shown where a prison official "knows that inmates face a
24  substantial risk of serious harm and disregards that risk by failing to take reasonable measures to
25  abate it." *Id*. at 847. In medical cases, this requires showing: (a) a purposeful act or failure to
26  respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.
27  *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "A prisoner need not show his harm
28  was substantial; however, such would provide additional support for the inmate's claim that the

1  defendant was deliberately indifferent to his needs." *Jett*, 439 F.3d at 1096 (citing *McGuckin*,
2  974 F.2d at 1060).

3  Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060
4  (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from
5  which the inference could be drawn that a substantial risk of serious harm exists,' but that person
6  'must also draw the inference.'" *Id*. at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison
7  official should have been aware of the risk, but was not, then the official has not violated the
8  Eighth Amendment, no matter how severe the risk.'" *Id*. (quoting *Gibson v. County of Washoe,
9  Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

10  To prevail on a deliberate-indifference claim, a plaintiff must also show that harm resulted
11  from a defendant's wrongful conduct. *Wilhelm*, 680 F.3d at 1122; *see Jett*, 439 F.3d at 1096;
12  *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (prisoner alleging deliberate indifference
13  based on delay in treatment must show delay led to further injury).

14  Liberally construing the fourth amended complaint, Plaintiff fails to plausibly allege an
15  Eighth Amendment deliberate indifference to serious medical need against any named Defendant.
16  Accepting as true Plaintiff suffers from a visual impairment—thus meeting the first prong of the
17  deliberate indifference test—Plaintiff fails to demonstrate or allege that any named Defendant
18  knew Plaintiff faced a substantial risk of serious harm. *Farmer*, 511 U.S. at 847. Here, Plaintiff's
19  claims against these Defendants amount to nothing more than his frustration with their decisions
20  concerning his health care grievances or grievances. And Plaintiff has been previously advised
21  that "those circumstances do not amount to a constitutional claim or claims." (*See* Doc. 29 at
22  15:14-15.) Again, prisoners do not have "a separate constitutional entitlement to a specific prison
23  grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v.
24  Adams*, 855 F.2d 639, 640 (9th Cir. 1988)). Prison officials are not required under federal law to
25  process inmate grievances in any specific way. *See, e.g.*, *Towner v. Knowles*, No. CIV S-08-2823
26  LKK EFP P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff failed to state claims
27  that would indicate a deprivation of his federal rights after defendant allegedly screened out his
28  inmate appeals without any basis); *Williams v. Cate*, No. 1:09-cv-00468-OWW-YNP PC, 2009

1  WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the
2  vindication of his administrative claims."); *see also Jordan v. Asuncion*, No. CV 17-1283 PSG
3  (SS), 2018 WL 2106464, at *3 (C.D. Cal. May 7, 2018) ("[A] prisoner [does not] have a
4  constitutional right to any particular grievance outcome"). Plaintiff's frustration with the named
5  Defendants' involvement in the denial of his health care grievances or other grievances does not
6  operate to state a claim upon which relief can be granted.

7  In sum, Plaintiff's fourth amended complaint fails to state a claim upon which relief can
8  be granted against any named Defendant. Because Plaintiff has been granted previous
9  opportunities to cure the deficiencies identified in his complaints, but where Plaintiff continues to
10 be unable to do so, the Court will recommend claim one in Plaintiff's fourth amended complaint
11 be dismissed for a failure to state a claim and without leave to amend.

12 As noted above, Plaintiff's second claim for relief is titled "Exhaustion of Administrative
13 Remedies." The fact Plaintiff has exhausted his administrative remedies does not state a stand-
14 alone constitutional claim. Rather, the exhaustion of administrative remedies is a procedural
15 requirement prior to filing suit in this Court. *See* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548
16 U.S. 81, 90-91 (2006); *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Because Plaintiff fails to
17 allege any constitution claim or claims upon which relief can be granted in claim two, and
18 because Plaintiff has been granted previous opportunities to cure deficiencies without success, the
19 Court will recommend claim two in Plaintiff's fourth amended complaint be dismissed for a
20 failure to state a claim and without leave to amend.

### D. Amendment Is Futile

22 Because Plaintiff's fourth amended complaint is deficient for the same reasons as those
23 articulated in the Court's December 4, 2023 screening order (Doc. 29 at 9-19) and because
24 Plaintiff has failed to remedy those deficiencies, the Court assesses that Plaintiff cannot cure his
25 pleadings and, thus, that leave to amend would be futile. *See Hartman v. CDCR*, 707 F.3d 1114,
26 1129-30 (9th Cir. 2013) (affirming dismissal of first amended complaint and finding leave to
27 amend futile where complaint's allegations belied plaintiff's entitlement to relief).

28

Moreover, Plaintiff has been given other opportunities to amend his complaints. (*See* Docs. 12 & 20.) To date, Plaintiff has alleged numerous claims and variations of those claims without success. Thus, after careful consideration, this Court finds granting Plaintiff further leave to amend would be futile. *See Lopez*, 203 F.3d at 1126–31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

## V.     CONCLUSION AND RECOMMENDATIONS

Based on the above, **IT IS HEREBY RECOMMENDED** that this action be dismissed, without leave to amend, based on Plaintiff's failure to state a claim upon which relief can be granted.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 7, 2024**                              _____
                                                           UNITED STATES MAGISTRATE JUDGE

12