UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GREGORY GARCIA,<br><br>    Plaintiff,<br><br>  v.<br><br>RALPH M. DIAZ, et al.,<br><br>    Defendants. | Case No.: 1:20-cv-000669-KES-CDB<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION FOR PLAINTIFF'S FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>Doc. 35 |

Plaintiff James Gregory Garcia is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff initiated this action with a complaint on May 13, 2020, Doc. 1, and filed a first amended complaint on June 4, 2020, Doc. 10. On December 16, 2020, the then-assigned magistrate judge screened the first amended complaint and found it did not state a claim for relief. Doc. 12. On March 8, 2021, plaintiff filed a second amended complaint. Doc. 17. Plaintiff was then granted leave to file a third amended complaint, which he did on July 5, 2022. Doc. 25. On December 4, 2023, the assigned magistrate judge screened the third amended complaint, found it failed to state a claim, and provided plaintiff with additional information and legal standards for various arguments and federal claims that the magistrate judge perceived plaintiff may be

1  intending to make or bring, including regarding claims under § 1983 and under the Americans
2  with Disabilities Act.  Doc. 29.

3        On January 24, 2024, plaintiff filed his fourth amended complaint asserting only a claim
4  for deliberate indifference to serious medical needs in violation of the Eighth Amendment.  Doc.
5  34; *see also* Doc. 44 at 2–3 (plaintiff's objections to the February 7, 2024 findings and
6  recommendations, confirming plaintiff seeks to pursue only his deliberate indifference claim and
7  has waived all others claims).  On February 7, 2024, the assigned magistrate judge issued findings
8  and recommendations recommending that the fourth amended complaint be dismissed without
9  further leave to amend for plaintiff's failure to state a claim upon which relief may be granted,
10  finding that plaintiff had failed to plausibly allege that defendants were deliberately indifferent to
11  any serious medical needs.  Doc. 35.  Specifically, the magistrate judge found that plaintiff had
12  failed to sufficiently allege that plaintiff faced a substantial risk of serious harm or that defendants
13  knew of such a risk.  The assigned magistrate judge granted plaintiff two extensions of time to
14  object, and plaintiff timely filed objections on May 10, 2024.  Doc. 44.[1]

15        In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a de
16  novo review of the case.  Having carefully reviewed the file, including plaintiff's objections, the
17  Court concludes that the findings and recommendations are supported by the record and proper
18  analysis.

19        Plaintiff's objections do not show any error in the findings and recommendations.
20  Plaintiff's contention that the magistrate judge did not have authority to screen his complaint to
21  determine whether it states a claim is without merit.  The magistrate judge had the authority to
22  screen his complaint.  *See* 28 U.S.C. §§ 636(b), 1915(A); Local Rule 302(c)(17).  Plaintiff's
23  numerous other objections largely address issues other than the magistrate judge's finding that
24  plaintiff failed to sufficiently allege a substantial risk of serious harm or that defendants knew of
25  such risk of harm.  For example, while plaintiff objects that he was unable to participate in certain
26  education or training opportunities because of his eye condition, he does not explain how

27
28  [1] Plaintiff also filed a document entitled "Request for Judicial Notice" which the Court construes as objections to the findings and recommendations.  Doc. 41.  However, plaintiff's argument in Doc. 41 is also contained within plaintiff's later filed objections at Doc. 44.

1  defendants knowingly disregarded a substantial risk of medical harm to him.  Given that plaintiff
2  has already been provided with multiple opportunities to amend his complaint and has been
3  unable to state a claim for deliberate indifference to a serious medical need, granting further leave
4  to amend would be futile.  Plaintiff has also confirmed that he does not intend to pursue any other
5  legal theory.  *See* Doc. 44 at 2–3.  In short, plaintiff's objections do not undermine the analysis
6  and conclusions of the findings and recommendations.
7      Accordingly:
8      1. The findings and recommendations issued on February 7, 2024, Doc. 35, are adopted
9         in full;
10     2. Plaintiff's fourth amended complaint is dismissed without leave to amend for a failure
11        to state a claim upon which relief can be granted; and
12     3. The Clerk of the Court is directed to terminate any pending motions or deadlines and
13        to close this case.

16  IT IS SO ORDERED.

17      Dated:   September 21, 2025
                                            UNITED STATES DISTRICT JUDGE

3